THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER LAMAR WILLIAMS II, | CASE NO. C18-1170-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| CITY OF SEATTLE, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff Roger Williams II's ("Williams") complaint (Dkt. No. 3). Williams, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this 42 U.S.C. § 1983 civil rights complaint against the City of Seattle, Seattle Police Officers Q. Martin and R. Behn, and King County public defenders Kimberly Sharkey, William Schwarz, and Kallie Ferguson. (*Id*. at 1–3.) Having reviewed the complaint pursuant to 28 U.S.C. §1915(e), the Court declines to order service and summons for the following reasons.

Williams' complaint arises out of his 2016 arrest on suspicion of drunk driving ("DUI"). (Dkt. No. 3 at 4.) Williams alleges that the arresting police officer mistakenly wrote in his report that Williams refused a breath test. (*Id*. at 5.) Williams further alleges that the arresting officer failed to correctly fill out paperwork that was completed when William had his blood drawn. (*Id*.

MINUTE ORDER
C18-1170-JCC
PAGE - 1

at 4–5.)

Williams was later charged with DUI, but he alleges that he never received the citation and summons notifying him of his initial appearance. (*Id*. at 5.) He also asserts that the arresting police officer wrote the wrong date on his DUI citation, which made it appear as if Williams had multiple DUI arrests, when in fact that was his first DUI arrest. (*Id*.) Williams alleges that as a result a $15,000 bench warrant was issued for his arrest. (*Id*.) Williams was ultimately arrested on the warrant and held in jail pending trial on his DUI charge. (*Id*.) While in jail, Williams missed a hearing with the Department of Licensing to challenge his license suspension. (*Id*. at 6) As a result, a default judgment was entered against Williams and his license was suspended. (*Id*.) Williams ultimately pled guilty to an amended charge of reckless endangerment. (*Id*.) In his complaint, Williams alleges that those who were involved with his arrest and prosecution violated his civil rights. (*Id*. at 6–7.)

The Court must dismiss an IFP complaint prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely

clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Having screened plaintiff's complaint, the Court has identified the following deficiencies:

### 1. Defendants Sharkey, Schwarz, and Ferguson

Williams names as Defendants three of his former public defenders. (Dkt. No. 3 at 2–3.) The complaint does not contain any facts that specify how these Defendants violated his civil rights. (*See generally* Dkt. No. 3.) Even if Williams had alleged such facts, he cannot sustain a section 1983 claim against these Defendants because public defenders do not act under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003). Therefore, Williams cannot maintain a section 1983 claim against Defendants Sharkey, Schwarz, and Ferguson.

### 2. Defendant City of Seattle

Williams names the City of Seattle as a Defendant. (Dkt. No. 3 at 1.) Plaintiffs may sue municipalities as a "person" under section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under section 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under section 1983 must identify a "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). Williams' complaint does not allege any City of Seattle policy or custom that caused him injury. (*See generally* Dkt. No. 3.) Therefore, Williams cannot maintain his section 1983 claim against the City of Seattle as currently pled.

### 3. Defendants Behn and Martin

To sustain a section 1983 civil rights claim, Williams must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To

satisfy the second prong, Williams must allege facts showing how individually named Defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Williams makes a section 1983 claim against Seattle Police Officers Q. Martin and R. Behn arising from his 2016 arrest for DUI. (*See generally* Dkt. No. 3.) As an initial matter, Williams does not provide any facts that support his claim against Officer Martin. Other than naming Officer Martin as a Defendant, the complaint contains no allegations about how he violated Williams' civil rights. (*See generally* Dkt. No. 3.) Therefore, Williams has not plausibly alleged a section 1983 claim against Officer Martin.

Nor has Williams plausibly alleged a section 1983 claim against Officer Behn. Williams asserts that "because Officer Behn did not give me a court date immediately, I missed my hearing date, causing a warrant to be issued and causing me to be held in jail for 59 days on my first time DUI charge." (Dkt. No. 3 at 6.) Williams fails to allege what constitutional rights Officer Behn violated, or how Officer Behn's conduct proximately caused any such violation. Therefore, Williams cannot maintain a section 1983 claim against Defendants Martin and Behn as currently pled.

Based on the foregoing, the Court DECLINES to serve Williams' complaint, but GRANTS him leave to file an amended complaint curing the above-noted deficiencies within 30 days after the date this order is issued. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed or if Williams files an amended complaint that fails to correct the deficiencies identified above, the Court may recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Williams is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the Defendant(s), the constitutional or federal statutory

claim(s) asserted, the specific facts which Williams believes support each claim, and the specific relief requested.

The Clerk is DIRECTED to send a copy of this order to Williams.

DATED this 29th day of August 2018.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

MINUTE ORDER
C18-1170-JCC
PAGE - 5