UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER LAMAR WILLIAMS II, | CASE NO. C18-1170-JCC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SEATTLE, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Roger Williams II's ("Williams") complaint (Dkt. No. 3). Williams, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this 42 U.S.C. section 1983 civil rights complaint against the City of Seattle, Seattle Police Officers Q. Martin and R. Behn, and King County public defenders Kimberly Sharkey, William Schwarz, and Kallie Ferguson. (*Id*. at 1–3.) The Court previously declined to order service and summons of Williams' complaint pursuant to 28 U.S.C. section 1915(e) because the complaint failed to allege claims upon which relief could be granted. (Dkt. No. 4.) The Court directed Williams to file an amended complaint within 30 days, but he failed to do so. (*Id*.)

In its previous order, the Court stated that Williams' claims may be dismissed, "[i]f no amended complaint is timely filed or if Williams files an amended complaint that fails to correct the deficiencies identified." (*Id*.) Having again reviewed Williams' complaint, the Court DISMISSES it without prejudice.

Williams' complaint arises out of his 2016 arrest on suspicion of driving under the influence ("DUI"). (Dkt. No. 3 at 4.) Williams alleges that the arresting police officer mistakenly wrote in his report that Williams refused a breath test. (*Id*. at 5.) Williams further alleges that the arresting officer failed to correctly fill out paperwork that was completed when William had his blood drawn. (*Id*. at 4–5.)

Williams was later charged with DUI, but he alleges that he never received the citation and summons notifying him of his initial appearance. (*Id*. at 5.) He also asserts that the arresting police officer wrote the wrong date on his DUI citation, which made it appear as if Williams had multiple DUI arrests, when in fact that was his first DUI arrest. (*Id*.) Williams alleges that as a result a $15,000 bench warrant was issued for his arrest. (*Id*.) Williams was ultimately arrested on the warrant and held in jail pending trial on his DUI charge. (*Id*.) While in jail, Williams missed a hearing with the Department of Licensing to challenge his license suspension. (*Id*. at 6.) As a result, a default judgment was entered against Williams and his license was suspended. (*Id*.) Williams ultimately pled guilty to an amended charge of reckless endangerment. (*Id*.) In his complaint, Williams alleges that those who were involved with his arrest and prosecution violated his civil rights. (*Id*. at 6–7.)

The Court must dismiss an IFP complaint prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff.

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court has identified the following deficiencies in Williams' complaint:

### 1. Defendants Sharkey, Schwarz, and Ferguson

Williams names as Defendants three of his former public defenders. (Dkt. No. 3 at 2–3.) The complaint does not contain any facts that specify how these Defendants violated his civil rights. (*See generally* Dkt. No. 3.) Even if Williams had alleged such facts, he cannot sustain a section 1983 claim against these Defendants because public defenders do not act under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003). Therefore, Williams cannot maintain a section 1983 claim against Defendants Sharkey, Schwarz, and Ferguson.

### 2. Defendant City of Seattle

Williams names the City of Seattle as a Defendant. (Dkt. No. 3 at 1.) Plaintiffs may sue municipalities as a "person" under section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978). However, a municipality cannot be held liable under section 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under section 1983 must identify a "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). Williams' complaint does not allege any City of Seattle policy or custom that caused him injury. (*See generally* Dkt. No. 3.) Therefore, Williams cannot maintain his section 1983 claim against the City of Seattle as currently pled.

//

### 3. Defendants Behn and Martin

To sustain a section 1983 civil rights claim, Williams must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Williams makes a section 1983 claim against Seattle Police Officers Q. Martin and R. Behn arising from his 2016 arrest for DUI. (*See generally* Dkt. No. 3.) As an initial matter, Williams does not provide any facts that support his claim against Officer Martin. Other than naming Officer Martin as a Defendant, the complaint contains no allegations about how he violated Williams' civil rights. (*Id.*) Therefore, Williams has not plausibly alleged a section 1983 claim against Officer Martin.

Nor has Williams plausibly alleged a section 1983 claim against Officer Behn. Williams asserts that "because Officer Behn did not give me a court date immediately, I missed my hearing date, causing a warrant to be issued and causing me to be held in jail for 59 days on my first time DUI charge." (*Id*. at 6.) Williams fails to allege which of his constitutional rights Officer Behn violated, or how Officer Behn's conduct proximately caused any such violation. Therefore, Williams cannot maintain a section 1983 claim against Defendants Officer Martin and Officer Behn as currently pled.

For the foregoing reasons, Williams' complaint fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. section 1915(e)(2)(b)(ii), the Court DISMISSES Williams' complaint without prejudice. The Clerk is DIRECTED to close this case.

The Clerk is further DIRECTED to send a copy of this order to Williams.

//

1       DATED this 6th day of November 2018.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE